**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**BRIAN RUNNELS, #39145**                                                              **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 5:05cv141DCB-JCS**

**SAMMIE L. GOOD, et al.**                                                    **DEFENDANTS**

MEMORANDUM OPINION

Upon further consideration of the records in this action, the Court finds that an order [doc.# 4] was entered on August 22, 2005, denying the prisoner plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee of $250.00, within thirty days.  Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

In response to the Court's August 22, 2005 order, the plaintiff filed a motion [doc.#5] objecting to the ruling of the Court and arguing that 28 U.S.C. § 1915(g) violates the United States Constitution.  On December 2, 2005, this Court entered an order [doc.#8] denying the plaintiff's motion and directed the plaintiff to comply with the August 22, 2005 order by paying the required filing fee within fifteen days.  The plaintiff was warned in the December 2, 2005 order that his failure to pay the filing fee within fifteen days would result in the dismissal of this case without further written notice to the plaintiff.

Instead of complying with the Court's December 2, 2005 order the plaintiff filed a notice of

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

appeal [doc. #9] to the United States Court of Appeals for the Fifth Circuit. On February 1, 2006, the Fifth Circuit dismissed the plaintiff's appeal for want of prosecution.

The plaintiff has failed to comply with the Court's orders of August 22, 2005 and December 2, 2005. This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED this the  10th  day of February, 2006.

                                                 s/ David Bramlette
                                               UNITED STATES DISTRICT JUDGE